IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREY WILLIAMS, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | Case No. 2:16-cv-1026 BCW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | Magistrate Judge Brooke Wells |
| Defendant. | |

This matter is before the undersigned pursuant to Federal Rule of Civil Procedure 73 and the parties' consent.[1] Plaintiff Karey Williams alleges disability beginning on March 1, 2012[2] due to migraines, fibromyalgia, extreme fatigue, weakness of muscles, body and nerve pain, depression, anxiety, insomnia and mental issues.[3] Ms. Williams appeared and testified at a hearing held before an Administrative Law Judge (ALJ) on May 15, 2015. Following the hearing, the ALJ concluded Ms. Williams was not disabled for purposes of the Social Security Act.[4] The agency's Appeals Council denied Plaintiff's request for review, rending the ALJ's decision final.[5] This appeal followed.

The court heard argument on Plaintiff's appeal where Glen A. Cook appeared for Plaintiff and James L. Burgess appeared for Defendant. Having considered the parties'

---

[1] ECF No. 17.

[2] Tr. 18, 196, 221 (Tr. refers to the transcript of the record before the court).

[3] Tr. 71.

[4] *See* 20 C.F.R 404.120(g).

[5] *See* 20 C.F.R. 404.981.

arguments and briefing along with relevant case law, the court concludes the ALJ committed legal error by not engaging in an equivalency analysis for Ms. Williams' migraines. Therefore this matter is remanded to conduct such an analysis.

## BACKGROUND[6]

Plaintiff applied for disability, disability insurance benefits and supplemental security income on March 20 and April 1, 2013 respectively. She alleges disability due to migraines, fibromyalgia, extreme fatigue, weakness of muscles, body and nerve pain, depression, anxiety, insomnia and mental issues.[7]

The ALJ followed the standard five-step sequential evaluation process for disability claims.[8] The ALJ found Ms. Williams had the following severe impairments: fibromyalgia, degenerative disc disease, migraine headaches, major depressive disorder, generalized anxiety disorder and tremors.[9] Next no impairment, or combination of impairments, was found to equal a listing despite arguments made to the contrary.[10] After determining that Ms. Williams had the residual functional capacity to perform a range of light work with certain limitations,[11] the ALJ found Ms. Williams could not perform her past work as a sales manager and life coach. But, at step five, relying on the vocational expert testimony, the ALJ found she could perform the jobs of office helper (8,000 jobs) and routing clerk (42,000 jobs). Thus, Ms. Williams was not disabled.

---

[6] The parties fully set forth the background of this case, including the extensive medical history, in their memoranda. The court does not repeat this background in full detail. The reader desiring a more extensive history is directed to the record and briefing of the parties.

[7] Tr. 71.

[8] *See* 20 C.F. R. § 404.1520(a)(4); *Fisher-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) (summarizing the five step process).

[9] Tr. 21.

[10] Counsel for Plaintiff Mr. Glen Cook, asserted 12.07 somatoform disorders, and the ALJ also considered Plaintiff's depression and anxiety under 12.04 and 12.06. All were rejected.

[11] Tr. 22.

## STANDARD OF REVIEW

Because the Appeals Council denied the claimant's requested review the ALJ's decision is considered the Commissioner's final decision for purposes of this appeal.[12] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record.[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[15] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[16]

## DISCUSSION

On appeal Ms. Williams raises a multitude of arguments.[17] Specifically, she asserts the following issues:

1. Did the Administrative Law Judge fail to consider all of the Listings of Impairments?

---

[12] *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.

[13] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 778, 790 (10th Cir. 2006).

[14] *Doyal* 331 F.3d at 760.

[15] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

[16] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

[17] Plaintiff's counsel adopts a somewhat haphazard shotgun approach to asserting errors in the ALJ's decision that is similar to the "shotgun" approach in pleadings that has been severely criticized and the basis for rejecting certain claims. *See Greenway Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1260 (finding certain counts in the complaint constituted illegally pleaded shotgun claims); *Jones v. Lehmkuhl*, 2013 WL 6728951, *24 (D. Colo. Dec. 20, 2013) (noting that "[s]hotgun pleadings impede the administration of the district courts' civil dockets in countless ways" and condemning such a practice); *Cook v. Baca*, 2011 WL 13157059, *3 (D.N.M. July 8, 2011) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *MacArthur v. San Juan Cty.*, 391 F. Supp. 2d 895, 1053 (D. Utah 2005) aff'd in part, vacated in part, rev'd in part, 497 F.3d 1057, 2007 WL 2045456 (10th Cir. 2007) (noting the difficulty with the chaotic record and shotgun pleadings)

2. Is the Residual Functional Capacity Assessment in the ALJ Decision the same as that given at the hearing; is it consistent with the Disability Determination Services (DDS) limitations which were accepted by the ALJ; is it complete?

3. Did the ALJ fail to complete an analysis of the number of jobs pursuant to Trimiar?

4. Is the credibility analysis incomplete and factually incorrect?

5. Did the ALJ fail to comply with 20 CFR 416.927 in not according adequate weight to the opinion of the plaintiff's treating physician and placing undue reliance upon the opinions of the DDS physicians?

The court agrees with Plaintiff's first issue, the ALJ failed to consider all the Listings and this necessitates a remand. Having reached this conclusion the court need not weigh in on the remaining assertions of error.[18]

Among the severe impairments found by the ALJ were migraine headaches.[19] The ALJ explicitly noted: "The record documents diagnoses of migraine headaches …."[20] The ALJ then turned to step three of the sequential evaluation process. "Step three asks whether any 'medically severe impairment,' alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude 'substantial gainful employment.'"[21] If a claimant's impairment or impairments meet or equal a listing, the ALJ must find the impairment conclusively disabling.[22] If no listing is met, the sequential analysis turns to step four where the claimant must establish that her impairment prevents her from performing any past work.[23]

---

[18] The court notes that in a cursory review of the remaining arguments they appear to be unfounded.

[19] Tr. 21.

[20] *Id.*

[21] *Fischer–Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (quoting 20 C.F.R. §§ 404.1525-404.1526 & pt. 404, subpt. P, App. 1..

[22] *See* 20 C.F.R. §§ 404.1520(d), 416.1920(d).

[23] *See id.* § 404.1520(g).

4

Under the regulations because no listing for migraine headaches exists, the ALJ was required to compare the findings to "closely analogues listed impairments."[24] The "responsibility for deciding medical equivalence rests with the administrative law judge or Appeals Council."[25] Defendants Program Operations Manual System (POMS) indicates that Listing 11.03 is the most closely analogous listed impairment to migraine headaches.[26] Indeed, the POMS provides an explicit example of a claimant with chronic migraine headaches being considered under 11.03, Epilepsy, non-convulsive, because it is the "most closely analogous listed impairment."[27]

> A claimant has chronic migraine headaches for which she sees her treating doctor on a regular basis. Her symptoms include aura, alteration of awareness, and intense headache with throbbing and severe pain. She has nausea and photophobia and must lie down in a dark and quiet room for relief. Her headaches last anywhere from 4 to 72 hours and occur at least 2 times or more weekly. Due to all of her symptoms, she has difficulty performing her ADLs. The claimant takes medication as her doctor prescribes. The findings of the claimant's impairment are very similar to those of 11.03, Epilepsy, non- convulsive. Therefore, 11.03 is the most closely analogous listed impairment. Her findings are at least of equal medical significance as those of the most closely analogous listed impairment. Therefore, the claimant's impairment medically equals listing 11.03.[28]

---

[24] 20 C.F.R. §§ 404.1526(b)(2) ("If you have an impairment(s) that is not described in appendix 1, we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing."), 416.926(b)(2).

[25] 20 C.F.R. S 404.1526(2)(3).

[26] Listing 11.03 was the operative section at the time of the ALJ's decision. After the ALJ's decision the Social Security Administration combined Listing 11.03, non-convulsive epilepsy, and Listing 11.02, conclusive epilepsy, into 11.02 removing 11.03. *See Revised Medical Criteria for Evaluating Neurological Disorders*, 81 FR 43048–01, 2016 WL 3551949, at *43056 (July 1, 2016).

[27] POMS DI 24505.015 located at https:// secure.ssa.gov/poms.nsf/lnx/0424505015..

[28] POMS DI 24505.015(b)(7)(b).

Here, the ALJ failed to engage in any analysis of 11.03 despite finding migraine headaches as a severe impairment.[29] It is unnecessary for an ALJ to "state why a claimant failed to satisfy every different section of the listing of impairments."[30] And admittedly, even failing to discuss the evidence and explain why a claimant is not disabled at step three may be harmless error, where the court "'could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'"[31] Here however, based upon the record and the facts of this case, where the ALJ found the migraine headaches to be a severe impairment, the court concludes it was legal error to not engage in an 11.03 equivalency analysis.[32]

---

[29] To medically equal Listing 11.03, Ms. Williams needs to establish that her migraine headaches were "documented by detailed description of a typical [migraine headache], including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day." 20 C.F.R. § Pt. 404, Subpt. P., App.1, Listing 11.03.

[30] *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

[31] *Fisher-Ross*, 431 F.3d 729, 733-34 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)).

[32] *See e.g., Edwards v. Colvin*, 2014 WL 7156846, at *5 (W.D. Wash. Dec. 15, 2014) (finding the ALJ erred in not conducting an equivalency analysis of 11.03); *Black v. Berryhill*, 2018 WL 1472525, at *8–9 (D. Utah Mar. 7, 2018), report and recommendation adopted, 2018 WL 1468573 (D. Utah Mar. 23, 2018) (same).

## CONCLUSION AND ORDER

Because the Commissioner failed to apply the correct legal standards the court must remand this case for further proceedings. Accordingly, the Commissioner's decision is hereby remanded for further proceedings consistent with this order. The Clerk of Court is directed to close this case.

DATED this 16 May 2018.

Brooke C. Wells
United States Magistrate Judge